FILED'08 OCT 07 14:00USDC-ORM

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JUDITH MANIATES,** ) | Case No. CV 08-03038-PA |
| ) | |
| Plaintiff, ) | **OPINION AND ORDER** |
| v. ) | |
| ) | |
| **LAKE COUNTY, OREGON**, et al. ) | |
| Defendant. ) | |

A telephonic hearing on Defendant's Motion to Compel was held on Monday, October 6, 2008 at 1:30 p.m. before the Honorable Owen M. Panner. The Plaintiff was represented by William D. Stark. The Defendant was represented by Robert E. Frantz, Jr.

Defendant moved for an order compelling plaintiff to produce items in his First Request for Production of Documents, production numbers 1 and 2.

    1.    "All medical records and other documents, including, but not limited to: chart notes, x-rays, x-ray reports, nursing notes, physician reports, test results, diagnostic tests, diagnostic treatment, prescription records and rehabilitative-care records from any and all examining physicians, psychologists, hospitals, nurses, chiropractors and any others involved

Page 1 - OPINION AND ORDER

> in the medical or related fields, concerning medical treatment received by plaintiff for any injuries plaintiff is contending were caused by the conduct of the defendant set forth in plaintiff's complaint on file herein. . . ."

2. All documents pertaining to any type of mental health counseling received by plaintiff for the past ten (10) years, including any documents from any psychiatrist, psychologist, mental health counselor and marriage counselor. This request includes, but is not limited to, chart notes, billings, invoices, memoranda, correspondence, reports, test data and test results. . . ."

Plaintiff objected to defendant's requests to the extent that they conflict with or exceed the Fed. R.Civ.P. regarding discovery and on the grounds the request was overbroad. For production request no. 1, plaintiff agreed to provide documents related to any medical treatment she received relating to the conduct of the defendants, subject to a protective order. For production request no. 2, plaintiff objected to the request as overbroad and unnecessarily intrusive, but she agreed to provide any mental health treatment records regarding any counseling she received after moving to Lakeview in 2004, subject to a protective order.

Plaintiff contends that her general medical records are not relevant and therefore, not discoverable, and that her past mental health records are protected from discovery by the psychotherapist-patient privilege. Plaintiff agreed to provide the records of the only two mental health contacts she had from 2004 to the present, the time she began living in Lakeview. Plaintiff states that there are no other records of

any mental health treatment from 2004 to June of 2007.

Requests Nos. 1 and 2

Defendant's requests nos. 1 and 2 seek medical records of Plaintiff. In Plaintiff's Complaint, she alleges that as a result of defendant's conduct she has suffered "anguish." (Complaint p. 4, paragraph 12). Anguish is defined in the "New Oxford American Dictionary as 'severe mental or physical pain or suffering.'" Defendant's position is that plaintiff should be required to produce the records, or be prevented from producing any evidence of anguish suffered at any time.

Defendant cites two District Court cases to support his position. The first is Doe v. City of Chula Vista, 196 F.R.D. 562, 568 (S.D. Cal. 1999) for the contention that a plaintiff who seeks to recover emotional distress damages is relying on her emotional condition as an element of her claim and places her mental condition at issue, and plaintiff must show that the damage was proximately caused by the defendant's unlawful conduct. The position of the parties in Doe was an "all or nothing" approach. The Plaintiff contended that none of the medical records were discoverable, while the Defendant contended that all of the medical records were discoverable. In the Doe decision, the court expected the parties to find a "middle ground so that the discovery requests to Doe's

Page 3 - OPINION AND ORDER

medical providers will be narrowly tailored to the particular area of her emotional health." Doe, 196 F.R.D. 562, 572 (S.D. Cal. 1999). The court does not find this case in point. However, the court finds that Uzell v. Teletech Holdings, 2007 WL 4358315 (W.D. Wa.) is in point as to Defendant's production request number 1. In Uzell, plaintiff put his mental health at issue by alleging damages for "emotional upset, stress and anxiety," and Psychiatric records before, during and after employment termination were relevant to the question of whether defendants caused his mental distress and the amount of damage caused.

Plaintiff's statement regarding "anguish" in her Amended Complaint states, "As a direct and proximate result of Defendant's actions, plaintiff has suffered harm to her professional reputation and **anguish**, all to her non-economic damages in the amount of $100,000." Amended Complaint, pg. 4. Plaintiff's second and third claims re-allege the same.

The Court grants Defendant's Motion to Compel as to Defendant's Request for Production Number 1. Defendant has properly limited the request to those records concerning medical treatment received by plaintiff for any injuries plaintiff is contending were caused by the conduct of the defendant set forth in plaintiff's complaint. This necessarily includes any damages resulting from or associated with previous medical problems.

The court denies Defendant's Request for Production number 2, except as admitted by Plaintiff.

Defendant may renew a Request for Production of documents if the deposition of Ms. Maniates reveals evidence of documents pertaining to any type of prior medical treatment received by Plaintiff which relates to her claims in this case.

IT IS ORDERED.

DATED this 7th day of October, 2008.

_____
OWEN M. PANNER
Senior United States District Judge