IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JUDITH MANIATES, | ) | CV 08-3038-PA |
| | ) | |
| Plaintiff, | ) | **CORRECTED OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| LAKE COUNTY OREGON, and | ) | |
| KENNETH KESTNER, | ) | |
| | ) | |
| Defendants. | ) | |

**PANNER, Judge**.

After Plaintiff Maniates had presented her case-in-chief,
I granted the motions by Defendants Kestner and Lake County for
Judgment as a Matter of Law on all claims.  I outlined some
reasons for this decision from the bench.  This opinion
elaborates briefly on the court's reasons for not submitting this
matter to the jury.

## Legal Standards

If a party has been fully heard on an issue during a jury
trial and the court finds that a reasonable jury would not have a
legally sufficient evidentiary basis to find for the party on
that issue, the court may resolve the issue against the party and

enter judgment on the issue or upon the claim as a matter of law. Fed. R. Civ. P. 50(a).  The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable factual inferences in the nonmovant's favor.

## Discussion

Plaintiff was employed by Lutheran Community Services Northwest ("Lutheran"), which operated some programs under a contract with Lake County.  As that contract neared an end, Plaintiff sought "to 'bump' into County positions from her position with [Lutheran]."  First Amended Complaint, ¶ 8.  Those hopes were not realized.  Plaintiff later applied for jobs at Lake County.  She was not hired.  Id., ¶ 9.  Plaintiff attributes these disappointments to the actions of Commissioner Kestner.

## A.    First Claim - 42 U.S.C. § 1983 (First Amendment)

The First Claim alleges that Defendants Kestner and Lake County retaliated against Plaintiff Maniates, for speech protected by the First Amendment, by "refusing to allow her to 'bump' into County positions from her position with [Lutheran] and refusing to hire her for positions with Lake County for which she was qualified . . . ."  First Amended Complaint, ¶¶ 8-10.

For purposes of the Motion for Judgment as a Matter of Law, I will presume that the statements set forth in the First Amended Complaint--including the amendment Plaintiff proposed as the trial started which the court rejected--are protected speech meeting the criteria established in Garcetti v. Ceballos, 547

U.S. 410 (2006).[1]

Plaintiff did not adduce evidence at trial from which a reasonable jury could find that retaliation for protected speech was a substantial motivating factor in any adverse employment decision made by Kestner or Lake County involving Maniates.

Evidence regarding the relative qualifications of Maniates and other job applicants, or concerning alternative methods of providing social services to County residents, is relevant only so far as it permits (or does not permit) a factfinder to draw a reasonable inference that Maniates was retaliated against as a result of her protected speech. Whether County employees made good or bad management decisions, or spent taxpayer money wisely or foolishly, or whether one method of providing these government services might have been superior to another method of providing these government services, is not the issue.

The issue for trial was whether the Defendants retaliated against Plaintiff Maniates on account of her protected speech. Plaintiff did not present evidence that would permit the jury to find in her favor on this claim. Defendants are entitled to Judgment as a Matter of Law on this claim.

---

1  Ninth Circuit precedents seem to be inconsistent on whether the Garcetti determination is made by the court or jury. Compare Marable v. Nitchman, 511 F.3d 924, 930-33 (9th Cir. 2007) (treating Garcetti inquiry as question of law for the court) and Freitag v. Ayers, 468 F.3d 528, 542-46 (9th Cir. 2006) (same) with Posey v. Lake Pend Oreille School Dist. No. 84, 546 F.3d 1121, 1129-31 (9th Cir. 2008) (stating issue was one of first impression in this circuit, and holding that at least portions of the inquiry are factual questions for the jury).

B.    <u>Second Claim -- State Law Whistleblowing</u>

Plaintiff's state law whistleblowing claim alleges violations of ORS 659A.203 and 659A.233.  By statute, this claim is tried to the court.  <u>See</u> ORS 659A.885(1)(a) and (5).

For purposes of the Motion for Judgment as a Matter of Law, I will presume, without deciding, that the definition of "employee" in ORS 659A.200(2) is broad enough to encompass Plaintiff Maniates, who was employed by a contractor.

I likewise will presume, without deciding, that Maniates suffered some sort of "disciplinary action" as defined in ORS 659A.200(1).  I further presume, without deciding, that Maniates' speech satisfies the criteria necessary to be protected under this law.  <u>See</u> <u>Bjurstrom v. Oregon Lottery</u>, 202 Or. App. 162, 169-75 (2005) (discussing criteria); <u>Longfellow v. Jackson County</u>, 2007 WL 682507 (D. Or. 2007).

Maniates' whistleblowing claim nonetheless fails because she has not produced evidence that she sustained an adverse employment action <u>because</u> of her alleged protected statements.  She produced no evidence of retaliation, whether through direct evidence or by reasonable inference.

C.    <u>Third Claim -- Intentional Interference with Economic Relationship</u>

The basic elements of this state law tort are:

(1)    existence of a professional or business relationship (including a contract or prospective economic advantage);

(2)    intentional interference with that relationship or
       advantage;

(3)    by a third party;

(4)    accomplished through improper means or for an improper
       purpose;

(5)    a causal effect between the interference and the harm
       to the relationship or prospective advantage; and

(6)    damages to the Plaintiff resulting from that
       interference.

See McGanty v. Staudenraus, 321 Or. 532, 535 (1995).

At all relevant times, Kestner was one of three
Commissioners governing Lake County.  Under agency principles,
actions by an officer or employee of a legal entity such as a
corporation or county, taken in the scope of employment,
ordinarily are regarded as the actions of the legal entity.  An
agent acting for his principal cannot logically be said to
"interfere" with the principal's contract.

However, "[a] managing officer of a corporation, including
one with the authority to hire and fire, is subject to liability
for intentional interference in the same way as any other
corporate employee if the officer acts without any purpose to
serve the employer, but solely with improper motives or
purposes."   Boers v. Payline Systems, Inc., 141 Or. App. 238,
243 (1996).

Plaintiff had the burden, at trial, of producing evidence
from which the jury could find that Kestner's actions (or any
willful inaction) were motivated solely by improper personal

reasons.  <u>See Sims v. Software Solutions Unlimited, Inc.</u>, 148 Or.
App. 358, 365 (1997).  If Kestner's actions were motivated even
partly by a desire to serve his employer, this tort claim fails.
<u>Id.</u> at 364-65 (1997).  Plaintiff did not meet her burden.

The Third Claim also fails for an additional reason.
Plaintiff relies heavily on allegations that Kestner gave
preferable treatment to another employee whom Kestner allegedly
liked.  That, in itself, is not an "improper purpose" giving rise
to liability under this tort.  Except as constrained by contract
or by law, an employer ordinarily may hire whomever it likes to
fill a position.  Hiring a candidate who the manager already
knows and likes may mean the manager trusts that candidate's
judgment, has a good working relationship with the person,
believes that candidate will work well with the other staff
members, and believes it is in the employer's interests to select
that person for the job.

The cases cited by the parties, or unearthed by the court's
own research, each involve deliberate attempts to inflict harm
upon the plaintiff, for improper reasons, not merely favoring one
particular candidate over all other applicants.  <u>Cf.</u> <u>Kaelon v.</u>
<u>USF Reddaway, Inc.</u>, 180 Or. App. 89, 97-98 (2002) (retaliation
for reporting extramarital affair between Chief Financial Officer
and subordinate) and at 100 ("The common thread running through
*Huston, Boers,* and *Schram* is that all involved incidents in which
a supervisor . . . retaliated for personal reasons against an

employee for that employee's complaints about the defendant's wrongful conduct or that of another in the workplace); <u>Boers</u>, 141 Or. App. at 243 (retaliation for reporting financial misconduct); <u>Mekkam v. Oregon Health Sciences University</u>, 126 Or. App. 484, 493 (1994) (supervisor's actions motivated solely by racial discrimination and retaliation), <u>vacated and remanded on other grounds</u>, 319 Or. 623, <u>opinion on this claim reinstated on remand</u>, 132 Or. App. 470, 473 (1995); <u>RMS Technology, Inc. v. Stenbock</u>, 113 Or. App. 344, 347 (1992) (vindictive motive); <u>Giordano v. Aerolift, Inc.</u>, 109 Or. App. 122, 125-26 (1991) (used improper means to get employee fired due to personal grudge).

Imposing personal liability upon a manager merely for hiring a candidate who the manager likes could leave persons who make hiring decisions liable to every disappointed job applicant--and there can be dozens or even hundreds of applicants for a job opening. Intentional interference with prospective employment is a common law tort in Oregon. I do not believe the Oregon Supreme Court would impose liability in that circumstance, or based upon the evidence that the jury heard in support of this claim.

Plaintiff also argues that Kestner retaliated against her. The jury could not have made such a finding based on the evidence presented at trial. Defendant Kestner is entitled to judgment as a matter of law on Plaintiff's Third Claim.

/ / / /

/ / / /

## **Conclusion**

Defendants are entitled to judgment as a matter of law on all claims.

DATED this 17th day of February, 2009.


/s/ Owen M. Panner

_____
OWEN M. PANNER
UNITED STATES DISTRICT JUDGE